2, From that judgment the appellants have prosecuted this appeal. Various objections are taken to the proceedings and judgment in the circuit court.
It is first objected, that the notice is irregular, in indicating an intention on the part of Bruner to make a joint motion against all the appellants. If, however, the import of the act of the Legislature of this country under which the motion was made, be consulted, the. objection taken to the notice will at once vanish. The third section of that act (2 Littell 38) pro. vides, that, where the principal obligor or obligors, have or shall hereafter become insolvent, and there have been or shall be two or more securities jointly bound with thesaid principal obligor or obligors, in a. ny bond, bill, note, or other obligation, for the payment of money or other thing, and judgment hath been, or hereafter shall be obtained against one on *143 Snore of such securities, it.shall and may be lawful for the court before whom such judgment was or shall be obtained, upon the motion of the party or parties a. gainst whom judgment hath been entered up as securities as aforesaid, to grant judgment and award execution against all and every of the obligors, and their legal representatives, for their, and each of their respective shares and proportions of said debt. According to this section of the act, it would bo doubt be irregular to render judgment against any of the sureties for more than his proportion of the debt; ánd as each security is separately responsible for his proportion, the objection is taken to the notice, on the ground, that instead of one motion against allot- the appellants, there should have been a separate motion against each. It is evident, however, that a joint motion against all, accords better with the letter of the act, and there is nothing in the reason which induced its enactment, Which can require separate motions. Prior to the passage of the act, the surety against whom judgment was rendered, and by whom the debt was paid, might have applied to a court of equity to compel lusco, sureties to contribute their respective proportions of the debt by him paid. Insuchasuit although each of the sureties would beliable/or his proportion only, all would be necessary parties ; and before a decree could be rendered against any, all should be served with process. In substituting in the place of a suit in equity, the summary re. medy by motion, therefore, it is highly probable that the legislature intended to do nothing more than to change the mode of bringing the parties before the court, leaving t.o the court the power which it previously possessed as chancellor, to. pronounce such a judgment or decree between the parties, when before it, rs might be just. And such is the plain import of thefangiiage employed in the act ; for the act has not said that on separate motions judgment should be rendered against each of the sureties j but it-has provided. that on motion, judgment shall be rendered against tbe sureties for their respective proportions : a judgment of precisely, the same nature, and for the same amount, that would have been decreed in equity in. a suit against all of the securities.
It is secondly objected, that the circuit court possesses no jurisdiction of the matter in contest. This *144 objection is taken on the supposition, that as the a. mount to-be recovered from each of the appellants is less than fifty dollars, a Justice of the Peace is the proper tribunal before whom the demand should have been contested.
In such case, it is no ob jurisdiction16 of the circuit court that claimed a gainst each security, severaUy, does to g50. n
In all such motions, it is proveTtlie in° solvency of principal or no judgment fían rxf> can be rendered,
R* however, we are correct in supposing that a joint motion against, all the appellants was proper, it follows that the amount sought to be recovered from all m,,st govern the question of jurisdiction ; and as that amount is above fifty dollars, the circuit court was the proper tribunal to decide the matter in contest.
3. \ye think, however, that the evidence contained *n ^ie record is not of a character which can justify the judgment rendered by the court on its merits. It is evident, from the act already cited, that, no motion can he sustained by one surety against his co-secu riprincipal obligor is insolvent; for it is expressly on the event of the principal’s insolvency that the surety paying the money is allowed to move for judgment against his co. securities, it was essentially V> . , . _ • necessary, therefore, to authorise Bruner to recover, that he should have proved the insolvency of Scott, the principal obligor ; but after the most careful ex. animation of the record, no such evidence is perceived. Wade, to whom the money wras paid by Bruner, appears to have obtained a judgment against Scott for the debt which he afterwards recovered from Bruner 5 and if it appeared by the return of the officer to the execution which issued in favor of Wade against Scott, that Scott had no property, wre should have been inclined to receive the return as evidence, in this case, of Scott’s insolvency. But on the execution against Scott, the sheriff has not returned, that he. has no property. The sheriff appears, by his return, to have seized certain species of the property of Scr.ft, and after exposing them to sale, part of the execution remained unsatisfied ; but there is no suggestion in the return, that the property so seized, was all the sheriff could find, and there is no other evidence in the record conducing to shew that Scott was unable to pay.
The judgment must be reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion,